[645 NYS2d 861]

In the Matter of IRA FRIEDMAN, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, July 29, 1996

**APPEARANCES OF COUNSEL**

*Robert H. Straus,* Brooklyn *(Robert J. Saltzman* of counsel), for petitioner.

*Paul Creditor,* New York City, for respondent.

**OPINION OF THE COURT**

Per Curiam.

The petition contains five charges of professional misconduct against the respondent. The Special Referee sustained all five charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline as the Court deems appropriate. The respondent has submitted an affirmation in opposition in which he submits that he has suffered enough on a personal level and that any further disciplinary action is unwarranted.

Charge One alleged that the respondent neglected a legal matter entrusted to him and failed to fulfill his obligation to a client.

The respondent was retained to represent Madeline Acosta in connection with an indictment for robbery. Ms. Acosta entered a plea of guilty in the Supreme Court, Kings County, on May 25, 1993. Her sentencing was adjourned. The respondent subsequently failed to respond to Ms. Acosta's numerous attempts to contact him and failed to appear for sentencing. The respondent abandoned the case by closing his law office without notifying Ms. Acosta.

By reason of the foregoing, the respondent violated Code of Professional Responsibility DR 6-101 (A) (3), DR 7-101 (A) (1) and (2), and DR 1-102 (A) (8) (22 NYCRR 1200.30 [a] [3]; 1200.32 [a] [1], [2]; 1200.3 [a] [8]).

Charge Two alleged that the respondent improperly obtained from and failed to return to a client funds to which the client was entitled.

The respondent was retained to represent Marius Bourgade in a criminal matter on or about October 1993. He received a retainer of $13,000. The respondent appeared in court late on one occasion and failed to appear on another scheduled date. When Mr. Bourgade retained new counsel, he sought a refund of the unused portion of his retainer. Although the respondent failed to detail how the retainer was used, he agreed to refund $5,000 to Mr. Bourgade. The respondent refunded only $1,000 of that amount.

By reason of the foregoing, the respondent violated Code of Professional Responsibility DR 9-102 (C) (4), DR 2-106 (A), and DR 1-102 (A) (8) (22 NYCRR 1200.46 [c] [4]; 1200.11 [a]; 1200.3 [a] [8]).

Charge Three alleged that the respondent neglected a legal matter entrusted to him, improperly retained client funds, and failed to fulfill his obligation to a client.

On or about June 1993, Angelo S. Tromba retained the respondent to commence a matrimonial action. The respondent

received a retainer of $3,500 and failed to take any measures on behalf of Mr. Tromba. The respondent has failed to reimburse Mr. Tromba for any portion of the unearned fee.

By reason of the foregoing, the respondent violated Code of Professional Responsibility DR 9-102 (C) (4), DR 2-106 (A), DR 1-102 (A) (8), DR 6-101 (A) (3), and DR 7-101 (A) (1) and (2) (22 NYCRR 1200.46 [c] [4]; 1200.11 [a]; 1200.3 [a] [8]; 1200.30 [a] [3]; 1200.32 [a] [1], [2]).

Charge Four alleged that the respondent has engaged in improper conduct reflecting adversely on his fitness to practice law.

On or about July 29, 1993, the respondent issued a check from his attorney business account for $1,100 payable to Lindsay Allen. At the time he issued that check, the respondent knew that he had insufficient funds in his account. That check was negotiated to James P. Coe in San Diego, California. It was returned for insufficient funds on or about August 13, 1993. Despite his assurances to Mr. Coe that he would make good on the check, the respondent failed to do so.

By reason of the foregoing, the respondent violated Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

Charge Five alleged that the respondent engaged in conduct prejudicial to the administration of justice.

The respondent has failed to maintain his registration with the Office of Court Administration as required by Judiciary Law § 468-a.

By reason of the foregoing, the respondent violated Code of Professional Responsibility DR 1-102 (A) (5) and (8) (22 NYCRR 1200.3 [a] [5], [8]).

Based on the evidence adduced, the Special Referee properly sustained Charges One, Two, Three, and Five in their entirety and Charge Four to the extent that it alleged a violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]) only. The Grievance Committee's motion to confirm the Special Referee's report is granted to that extent.

In determining an appropriate measure of discipline to impose, we have considered the mitigation offered by the respondent, including the measures he has undertaken to control his alcohol and drug addiction, his previously unblemished record, and his efforts to reimburse his aggrieved clients. However, the respondent failed to make restitution to his victims for approximately 14 months *after* his release from the treatment fa-

cility. Moreover, the respondent made restitution to his victims and paid his biennial registration only after he was served with formal charges and after he retained counsel. Under the totality of circumstances, the respondent is suspended for one year.

MANGANO, P. J., BRACKEN, ROSENBLATT, MILLER and O'BRIEN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted except that Charge Four is sustained only to the extent that it alleged a violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]); and it is further,

Ordered that the respondent, Ira Friedman, is suspended from the practice of law for a period of one year, commencing August 29, 1996, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of one year upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Ira Friedman, shall desist and refrain (1) from practicing law in any form, either as principal or agent, clerk, or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.